ture was written or to show that it was not the usual signature. But, aside from the inadmissibility of the exhibit in question, the plaintiff had fully established his cause of action by competent proof, and the defendants had absolutely failed to tender any testimony upon the real issues in the case. The motion to direct a verdict should have been granted.

The judgment is reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

LONG ISLAND R. CO. v. STRUCTURAL CONCRETE CO.

(Supreme Court, Appellate Term.    May 15, 1908.)

CARRIERS—CARRIAGE OF GOODS—DELIVERY—DELIVERY BY MISTAKE.

Defendant purchased a car of cement, and the car was billed to the consignor, with directions to notify defendant of its arrival. On its arrival plaintiff notified defendant, the notice stating that a bill of lading or a written order must accompany the notice to obtain the goods. The car was placed on a siding where defendant had received previous cars, and it appeared that plaintiff's agent had received bills of lading on some of the previous shipments before delivering the cars to the siding, and in other cases had not. Defendant paid the freight on the car and unloaded it, and subsequently the consignor, to whom the car was billed, demanded it from plaintiff, who, being unable to deliver the contents, paid the value thereof and brings this action against defendant for conversion of the cement. Held, that plaintiff having delivered the car intentionally to defendant, who received it in good faith and paid the freight thereon and paid for the cement to the person from whom he purchased, there was not a delivery by mistake in the usual acceptance of that term, and plaintiff could not recover.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Long Island Railroad Company against the Structural Concrete Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Joseph F. Keany (Dominic B. Griffin, of counsel), for appellant.
Purdy, Squires & Rowe (Allen C. Rowe, of counsel), for respondent.

GIEGERICH, J. The plaintiff, a common carrier, seeks in this action to recover the value of a car load of cement alleged to have been converted by the defendant. The car load of cement in question was a part of a quantity purchased by George A. Varney & Co. from the United Building Material Company. The defendant claimed to have purchased the cement from George A. Varney & Co. and to have paid for it before the plaintiff made any demand for payment. The car load in question, with two other car loads, was shipped from Egypt, Pa., to the "United Building Material Company, Nty (notify) Structural Concrete Company c/o People's Hygienic Ice Company, East New York." The defendant was engaged in doing certain work requiring cement for the Hygienic Ice Company at the latter company's place of business in East New York. When the car load in question

arrived at the yards of the plaintiff, a notice, addressed to the defendant in care of the People's Hygienic Ice Company, was sent, stating that a car loaded with cement consigned to the defendant had arrived at East New York. There was printed on the margin of this notice a statement that a bill of lading or a written order on firm letter head must accompany the notice in order to obtain the goods. Near the storage yard of the plaintiff company at East New York the People's Hygienic Ice Company had a private side track having switch connection with the plaintiff's tracks. The car in question, like previous car loads that had been shipped in similar manner, was placed on this private siding, and its contents then taken out by the defendant and used. On some previous occasions the plaintiff's freight agent had received bills of lading before delivering the cars on this private siding, and in some cases he had not. The freight on the car load in question was paid by the defendant. The defendant never paid the plaintiff company the value ·of the contents of the car, but did pay the freight charge when the same was presented. Subsequently the United Building Material Company ·demanded the car load from the plaintiff company, which, being unable to deliver the same, paid the value thereof.

On behalf of the plaintiff· it is urged that the facts make out a case of conversion, on the principle that, where a common carrier delivers goods by mistake, the person to whom they are delivered is liable in ·conversion, citing Hutchinson on Carriers (3d Ed.) § 863. It is unnecessary to determine what would be the situation if the plaintiff had delivered the goods by mistake in the usual acceptance of that term, and the defendant had received them through mistake or in bad faith. But in this case it would appear that the car load was delivered intentionally by the plaintiff's agents, and was received in good faith by the defendant, and that the goods were paid for by the defendant to the person from whom the defendant purchased the same. Under such circumstances I think the loss should remain where it is, and that the trial justice was right in dismissing the complaint.

The judgment should be affirmed, with costs.

GILDERSLEEVE, P. J., concurs in result.

GREENBAUM, J. (concurring). The facts here appearing are readily distinguishable from the case relied upon by the appellant, in which it was held that an action in conversion may be maintained by a ·common carrier against the party to whom it delivered goods by mistake. Hudson River R. R. Co. v. Lounsberry, 25 Barb. 597. In such a case the carrier is involuntarily deprived of the goods, in which it has a qualified title. In the case at bar the cement intrusted for delivery to the plaintiff by the consignor was delivered to the rightful party, and the only mistake made by the plaintiff was to deliver it without the presentation of a bill of lading. It appears, however, that previous similar shipments of cement had been made the defendant by the same consignor, and deliveries made by plaintiff without requiring production of the bill of lading. It also appears that the defendant had purchased a lot of cement, of which the shipment in question was a part, of the firm of Varney & Co., who in turn had purchased it from

the United Building Material Company, the plaintiff's consignor, under an agreement to make direct shipments to defendant.

Previous shipments had been made as follows: The United Building Material Company would ship the goods to defendant, who invariably forwarded the cash, after receipt of the material, to Varney & Co. for the value of the shipment. Varney & Co. had a credit with the United Building Material Company. In this instance the latter company, seemingly doubting the solvency of Varney & Co., did not send on its bill of lading in advance of payment as on previous occasions, but expected the plaintiff to collect upon delivery. But this fact was not communicated to defendant, who paid the plaintiff the freight charge of $60 as demanded, and upon receipt of the merchandise promptly paid its value, as was its practice and agreement, to Varney & Co., from whom it was purchased.

The mistake of the plaintiff in delivering the goods without presentation of the bill of lading, if construed as a conversion on the part of the defendant, would result in a double payment for the goods by the latter. In other words, the defendant, one of two innocent parties, would suffer from the mistake of the other innocent party, a consequence at variance with the settled law to the contrary. There was no conversion under such a state of facts, and the doctrine of subrogation to the rights of the consignor would have no application here, because the consignor would have no right of recovery against the defendant.

Another obstacle to plaintiff's case is that there is no proof of the return to defendant of the $60 for freight charges paid or an offer to return.

I concur in an affirmance of the judgment.